Forrest A. Hainline III (SBN 64166)
*fhainline@goodwinprocter.com*
Patrick S. Thompson (SBN 160804)
*pthompson@goodwinprocter.com*
Robert B. Bader (SBN 233165)
*rbader@goodwinprocter.com*
**GOODWIN PROCTER LLP**
Three Embarcadero Center, 24th Floor
San Francisco, California 94111
Tel.:  415.733.6000
Fax.:  415.677.9041

Attorneys for Defendant
BUMBLE BEE FOODS, LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| PATRICK GARRETT, JEFF MAINS and LINDA EUSTICE, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>BUMBLE BEE FOODS, LLC,<br><br>Defendant. | Case No.<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION (FEDERAL QUESTION JURISDICTION, 28 U.S.C. § 1331)** |

**TO:   THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, AT SAN JOSE**

Defendant Bumble Bee Foods, LLC ("Bumble Bee") hereby gives notice of removal of the above-captioned action, Case No. 114CV264322, currently pending in the Superior Court of California, County of Santa Clara, to the United States District Court for the Northern District of California, San Jose Division.  Removal is based on 28 U.S.C. §§ 1331 and 1441.

As grounds for removal, Bumble Bee states the following:

**I.   BACKGROUND.**

1. This is a putative statewide class action challenging statements on the labels of

certain Bumble Bee products. According to Plaintiffs Patrick Garrett, Jeff Mains and Linda Eustice ("Plaintiffs"), Bumble Bee's products violated federal and state labeling laws and regulations governing Omega-3 claims and American Heart Association ("AHA") seals on food product labels.

### A. LITIGATION HISTORY.

2. This is not the first putative class action filed on behalf of Plaintiffs by their attorneys against Bumble Bee challenging Omega-3 and other label statements on its products. Represented by the same counsel, Tricia Ogden (a member of the putative class here) filed a putative class action against Bumble Bee in this Court on April 12, 2012 challenging Bumble Bee products based on similar facts and the same legal theories – *Ogden v. Bumble Bee Foods, LLC*, No. 12-CV-1828 LHK (N.D. Cal.) (Koh, J.) (the "Ogden Action"). Ogden filed a First Amended Complaint on August 10, 2010 (a copy of the amended complaint is attached to the Declaration of Robert B. Bader ("Bader Decl.") as Exhibit 1).

3. In the Ogden Action, Ogden asserted claims for violations of California Business and Professions Code § 17200 et seq. ("UCL"); California Business and Professions Code § 17500 *et seq.* ("FAL"); the Consumer Legal Remedies Act, California Civil Code § 1750 *et seq.* ("CLRA"); Song-Beverly Act, California Civil Code § 1790 *et seq.*; and Magnuson-Moss Act, 15 U.S.C. § 2301 *et seq.*; and restitution based on unjust enrichment/quasi-contract. Bader Decl., Ex. 1.

4. Bumble Bee filed a motion for summary judgment. On January 2, 2014, this Court (Koh, J.) issued an order granting Bumble Bee's motion for summary judgment in part ("Order"), finding, among other things, that Bumble Bee was entitled to summary judgment on Ogden's (a) UCL, FAL and CLRA claims based on Bumble Bee's use of an American Heart Association heart symbol on product labels, (b) UCL, FAL and CLRA restitution claims, (c) breach of warranty claims, and (d) unjust enrichment claims (a copy of the Order is attached to Bader Declaration as Exhibit 2). As a result of the Order, injunctive relief was the only remaining remedy available. *Id.*

5. Following the Order, Ogden withdrew her pending motion for class certification,

1  without prejudice, and subsequently dismissed the Ogden Action with prejudice.  Bader Decl.,
2  Exhs. 3-4.  The obvious purpose of this dismissal was to escape an adverse class certification
3  decision and/or judgment by Judge Koh.  In a blatant attempt to forum shop, Plaintiffs' counsel
4  refiled Ogden's putative class action claims in state court.[1]

### B. THE STATE COURT ACTION

6.  On April 25, 2014, Plaintiffs filed a "Class Action Complaint" ("Complaint") with the Clerk of the Superior Court of California, County of Santa Clara (the "State Court Action").  The State Court Action was assigned Case No. 114CV264322.

7.  The Complaint was first served on Bumble Bee on May 5, 2014.

8.  Just like in the Ogden Action, the Complaint asserts claims against Bumble Bee for violations of the UCL, FAL and CLRA; breach of implied warranty; and unjust enrichment arising out of Bumble Bee's alleged mislabeling of certain products.  The Complaint also asserts claims against Bumble Bee for negligent misrepresentation; negligence; common count of money had and received; and for a declaratory judgment that Bumble Bee violated federal and state laws regarding mislabeled and misbranded food products.  *Complaint*, ¶¶ 98-197.  The Complaint is filed on behalf of Plaintiffs and a putative class consisting of those persons in the State of California who purchased Bumble Bee's food products labeled or advertised as "Excellent Source Omega-3" and/or bearing an AHA seal without disclosing it as a paid endorsement at any time since April 12, 2008.  *Id.* ¶ 87.

9.  Bumble Bee disputes Plaintiffs' allegations.

## II. FEDERAL QUESTION REMOVAL

10.  This Court possesses original jurisdiction in all cases arising under the laws of the United States.  28 U.S.C. § 1331.  Federal question jurisdiction exists because Plaintiffs' claims will necessitate the adjudication of substantial, disputed questions of federal law.  *Id.*

---

[1] Ogden's counsel has also filed a similar lawsuit in the Northern District of Illinois, titled *McMahon v. Bumble Bee Foods, LLC*, No. 14-cv-03346 ("McMahon Action").

1  11. Federal question jurisdiction is available in actions involving only state-law claims where those claims necessarily involve the resolution of underlying questions in federal law. *See, e.g.*, *Grable & Sons Metal Prods., Inc. v. Darue Engineering & Mfg.*, 545 U.S. 308, 314 (2005) (affirming federal-question jurisdiction over state quiet-title action based on need to resolve predicate issue under federal Internal Revenue Code); *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 841 (9th Cir. 2004) (federal question removal jurisdiction is proper where state lawsuit turns upon defendant's compliance with a federal regulation).

12. Plaintiffs' claims necessitate the resolution of substantial, disputed questions of federal law, including the meaning and application of the federal Food, Drug, and Cosmetic Act, 21 U.S.C. § 301 *et seq.* ("FDCA") and food labeling regulations promulgated by the United States Food and Drug Administration ("FDA"), which has the authority to implement the FDCA and regulate food labeling. This is because Plaintiffs' claims expressly challenge statements on Bumble Bee's products that are permitted and/or required by the FDCA and the FDA's regulations.

13. For Plaintiffs to prove an entitlement to relief on their theory that Bumble Bee misbranded their products, Plaintiffs will have to prove that Bumble Bee violated the specific labeling requirements set forth in the FDA's regulations, including 21 C.F.R. §§ 101.13 and 101.54. Resolving Plaintiffs' claims will require, among other things, an interpretation of the FDA's recent final rule regarding nutrient content claims for Omega-3s on food product labels. *See* Food Labeling: Nutrient Content Claims; Alpha-Linolenic Acid, Eicosapentaenoic Acid, and Docosahexaenoic Acid Omega-3 Fatty Acids, U.S. FDA Final Rule, 79 Fed. Reg. 23,262 (Apr. 22, 2014).

14. Specifically, Plaintiffs' claims are based on numerous allegations that certain Bumble Bee product labels were false, misleading and failed to comply with the FDCA and FDA regulations and directives by improperly making "excellent source Omega-3" claims and including an AHA seal without disclosing it as a paid endorsement:

- "According to the FDA, and as a matter of law, the Bumble Bee website constitutes

1  the labeling of any product bearing these web addresses" (Complaint ¶ 13);

2  - Bumble Bee's "products are misbranded under Section 403 of the FDCA [21 U.S.C. 343] (which has been adopted in California) because Defendant's labeling includes unauthorized Omega 3 nutrient content claims containing the statement "Excellent Source of Omega 3" (*id.* ¶ 22);

- "21 C.F.R. § 101.54 provides specific requirements for nutrient content claims" (*id.* ¶ 23);

- "21 C.F.R. § 101.13 specifies that where a particular nutrient does not have an established daily value (DV) under FDA regulations, food producers may not state on their food labels that their food product is a 'good source' of the nutrient, or use a comparable phrase, such as 'excellent source' or 'rich in.' 21 C.F.R. § 101.54" (*id.*);

- "Other companies that sell similar products with similar Omega 3 nutrient content claims have been found by FDA to be in violation of the laws concerning such claims." (*id.* ¶ 24);

- "Because Omega 3 does not have an established daily value (DV), food producers may not state on their labels that their products are a 'good source' of Omega 3, or use a synonym conveying the same message like excellent source. 21 C.F.R. § 101.54" (id. ¶ 26);

- Bumble Bee "has violated 21 C.F.R. § 101.54 by representing that its products are an 'excellent source' of Omega 3 and by failing to specify whether its Omega 3 nutrient content claims are referring to ALA, DHA or EPA Omega 3 fatty acids. For example, certain Bumble Bee products claim to be an 'excellent source of Omega 3' but they fail to disclose that Omega 3 has no established Daily Value pursuant to FDA regulations. Thus, these products violate the provisions of 21 C.F.R. § 101.54, which have been adopted by California" (*id.* ¶ 27);

- "The failure to comply with the labeling requirements of 21 C.R.F. § 101.54

1     renders [Bumble Bee's] products misbranded as a matter of federal and state law" (*id.* ¶ 28);

- "21 C.F.R. § 101.13 requires that manufacturers include certain disclosures when a nutrient claim is made and, at the same time, the product contains certain levels of unhealthy ingredients, such as fat and sodium" (*id.* ¶¶ 32-34);

- "These nutrient content claims were unlawful because they failed to include disclosure statements required by law that are designed to inform consumers of the inherently unhealthy nature of these products in violation of 21 C.F.R. § 101.13(h)" (*id.* ¶ 35);

- "Plaintiffs were misled because they erroneously believed . . . that [Bumble Bee's] products they were purchasing did not contain one or more nutrients like fat, sodium, or cholesterol that, according to the FDA, may increase the risk of disease or health related condition that is diet related" (*id.* ¶ 39)

- "Plaintiffs purchased Bumble Bee Albacore Tuna in Water, which bears an unlawful paid American Heart Association endorsement that has been determined by the FDA to be misleading to consumers when used in the manner in which it is used by [Bumble Bee]" (*id.* ¶ 41);

- "The failure to disclose that an endorsement was a paid endorsement also violates 21 C.F.R. § 1.21 which states that it is unlawful to fail to reveal a material fact on the label of a food product" (*id.* ¶ 47);

- "In direct violation of the labeling laws and the FDA directive, Defendant paid to receive the 'heart-check mark' from the American Heart Association, and then placed the endorsement on product labels without disclosing that this was a paid endorsement of its products" (*id.* ¶¶ 46, 48);

- "The sale of a misbranded food product is an illegal act in California. Such a sale is expressly prohibited by Federal and California law as well as the laws of the other states" (*id.* ¶ 190); and

- "[a] case or controversy exists among Plaintiffs, the Class and Defendant as to applicability of the <u>federal</u> and state laws as to Defendant" (*id.* ¶ 194 (emphasis added).

15. These allegations illustrate why a determination of whether Plaintiffs may recover for the conduct alleged in the Complaint will necessarily turn on substantial, disputed questions of federal law, including the FDCA and FDA regulations.

16. While Plaintiffs seek to enforce FDA's regulations through California's Sherman Law and other California state laws, those laws say nothing about the labeling claims Plaintiffs challenge here. Because there are no California state law equivalents to the relevant FDA standards Plaintiffs challenge, the Complaint necessarily depends upon federal law. *In re Zyprexa Prods. Liab. Litig.*, 2008 WL 398378, at *5 (E.D.N.Y. Feb. 12, 2008) (absence of state-law equivalent standard evidences necessity of federal law); *Pickern v. Best W. Timber Cove Lidge Marina Resort*, 194 F. Supp. 2d 1128, 1132 n.5 (E.D. Cal. 2002) ("Simply by incorporating the [federal act] into state law, state legislatures cannot divest the federal courts of original jurisdiction over state claims that are, for all intents and purposes, federal [] claims.").

17. Moreover, a state law claim does not exist where it is "in substance (even if not in form) a claim for violating the FDCA – that is, when the state claim would not exist if the FDCA did not exist." *Riley v. Cordis, Corp.*, 625 F. Supp. 2d 769, 777 (D. Minn. 2009); *see also County of Santa Clara v. Astra USA Inc.*, 401 F. Supp. 2d 1022, 1025 (N.D. Cal. 2005) (federal jurisdiction lies "when an issue of federal law undergirds a claim otherwise based in state law.").

18. There is a significant federal interest in the adjudication of such disputes in a federal forum. *Grable*, 545 U.S. at 314. Furthermore, the exercise of federal question jurisdiction will not "disturb[] any congressionally approved balance of federal and state judicial responsibilities."

19. The Court's exercise of federal question jurisdiction is appropriate because Plaintiffs' state law claims necessarily involve the resolution of substantial, disputed questions of federal law, including whether the challenged label statements were permitted by and complied

7

with the FDCA and FDA regulations.

## III. SUPPLEMENTAL JURISDICTION

20. To the extent not otherwise provided for above, supplemental jurisdiction exists as to all other claims as set forth in the Complaint, pursuant to 28 U.S.C. § 1367.

21. A court may exercise supplemental jurisdiction "over all other claims that are so related to claims within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a). This standard is satisfied, because Plaintiffs' claims are so related to claims as to which there is federal question jurisdiction that they form parts of the same case or controversy. In addition, Plaintiffs' claims do not raise novel or complex issues of state law and do not substantially predominate over the federal claims. *See* 28 U.S.C. § 1367(c).

22. There is a significant interest in having these and other federal issues adjudicated in a federal forum, and removal of this action will not disrupt any balance between federal and judicial responsibilities over related disputes. This is especially true because many of these same claims, including UCL, FAL, CLRA, breach of warranty and unjust enrichment claims, were previously adjudicated in this Court in the Ogden Action until Plaintiffs' counsel voluntarily dismissed them to file the Action, and are the subject of the pending McMahon Action.

23. Accordingly, to the extent necessary, this Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

## IV. PROCEDURAL REQUIREMENTS AND LOCAL RULES

24. <u>Removal to Proper Court</u>. This Court is part of the "district and division" embracing the place where this action was filed – San Jose, California. 28 U.S.C. § 1446(a).

25. <u>Removal is Timely</u>. Bumble Bee is entitled to remove the State Court Action at any time up to thirty days after formal service of the initial pleading setting forth the claim for relief on which the action is based. 28 U.S.C. § 1446(b); *Murphy Bros., Inc. v. Mitchetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999). The Complaint in the State Court Action was filed on or about April 25, 2014. Bumble Bee's registered agent, the Corporation Service Company ("CSC"), was served with the Summons and Complaint on May 5, 2014. *See* <u>Exhibit A</u>

1  (Summons).  This Notice of Removal is being filed with the United States District Court for the
2  Northern District of California on June 3, 2014, within 30 days after service of the State Court
3  Action Summons and Complaint on CSC.  As such, this Notice of Removal is timely.
4       26.     Pleadings and Process.  Attached as Exhibit A is a copy of all process, pleadings,
5  and orders served upon Bumble Bee and filed in the State Court Action.  *See* 28 U.S.C. § 1446(a).
6  Bumble Bee has paid the appropriate filing fee to the Clerk of this Court upon the filing of this
7  Notice.
8       27.     Notice.  Attached as Exhibit B is a copy of a Notice of Removal to All Adverse
9  Parties, which will be promptly served upon Plaintiffs' counsel and filed with the Clerk of the
10 Superior Court of California, County of Santa Clara.  *See* 28 U.S.C. §§ 1446(a), (d).  Bumble Bee
11 will also file with the Clerk of the Superior Court of California, County of Santa Clara, a Notice of
12 Filing of Notice of Removal, pursuant to 28 U.S.C. § 1446(d).  A copy of the Notice of Filing of
13 Notice of Removal is attached as Exhibit C.
14      28.     Consent to Removal.  All defendants have consented to removal of this action.
15      29.     Signature.  This Notice of Removal is signed pursuant to Fed. R. Civ. P. 11.  *See* 28
16 U.S.C. § 1446(a).
17      30.     Bond and Verification.  Pursuant to Section 1016 of the Judicial Improvements and
18 Access to Justice Act of 1988, no bond is required in connection with this Notice of Removal.
19 Pursuant to Section 1016 of the Act, this Notice need not be verified.
20      31.     Based upon the foregoing, this Court has jurisdiction over this matter pursuant to
21 28 U.S.C. § 1331, and the claims may be removed to this Court under 28 U.S.C. § 1441.
22      32.     Pursuant to Civil Local Rule 3-12, this action is related to the Ogden Action.  Once
23 this Action is removed, Bumble Bee will file an Administrative Motion to Consider Whether
24 Cases Should be Related.
25 **V.     REQUEST FOR ADDITIONAL ARGUMENTS AND EVIDENCE, IF NECESSARY**
26      33.     In the event that Plaintiffs file a request to remand, or the Court considers remand
27 *sua sponte*, Bumble Bee respectfully requests the opportunity to submit additional arguments
28

1 | and/or evidence in support of removal.

2 | WHEREFORE, this action should proceed in the United States District Court for the
3 | Northern District of California, San Jose Division, as an action properly removed thereto.

4 |
5 | Dated:   June 3, 2014                                Respectfully submitted,

6 |                                                     By: /s/ Forrest A. Hainline III
7 |                                                         Forrest A. Hainline III (SBN 64166)
                                                            *fhainline@goodwinprocter.com*
                                                            Patrick S. Thompson (SBN 160804)
8 |                                                         *pthompson@goodwinprocter.com*
                                                            Robert B. Bader (SBN 233165)
9 |                                                         *rbader@goodwinprocter.com*
                                                            **GOODWIN PROCTER LLP**
10 |                                                        Three Embarcadero Center
                                                            24th Floor
11 |                                                        San Francisco, California 94111
                                                            Tel.:  415.733.6000
12 |                                                        Fax.:  415.677.9041

13 |                                                     *Attorneys for Defendant*
                                                        *BUMBLE BEE FOODS, LLC*
14 |
15 |
16 |
17 |
18 |
19 |
20 |
21 |
22 |
23 |
24 |
25 |
26 |
27 |
28 |

# PROOF OF SERVICE

At the time of service I was over 18 years of age and not a party to this action.  My residence or business address is:  Three Embarcadero Center, 24th Floor, San Francisco, CA  94111.

On June 3, 2014, I served the following document on the person(s) below:

**NOTICE OF REMOVAL OF CIVIL ACTION (FEDERAL QUESTION JURISDICTION, 28 U.S.C. § 1331)**

| | |
|---|---|
| Ben F. Pierce Gore<br>PRATT & ASSOCIATES<br>1871 The Alameda, Suite 425<br>San Jose, CA 95126 | Counsel for Plaintiffs<br>Telephone: (408) 369-0800<br>Fax: (408) 369-0752<br>pgore@prattattorneys.com |
| Dewitt M. Lovelace<br>Valerie Lauro Nettles<br>LOVELACE LAW FIRM, P.A.<br>12870 U.S. Hwy 98 West, Suite 200<br>Miramar Beach, FL 32550 | Counsel for Plaintiffs<br>Telephone: (850) 837-6020<br>Fax: (850) 837-4093<br>dml@lovelacelaw .com |

☑ (MAIL).  By United States mail. I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses listed and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid at San Francisco, CA.

☐ (OVERNIGHT DELIVERY).  By overnight delivery. I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses listed.  I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

☑ (E-MAIL or ELECTRONIC TRANSMISSION)  By electronic service.  Based on a court order or an agreement of the parties to accept electronic service, I caused the documents to be sent to the persons at the electronic service addresses listed.

☐ (FACSIMILE).  By fax transmission. Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed. No error was reported by the fax machine that I used. *A copy of the record of the fax transmission, which I printed out, is attached.*

☐ (MESSENGER SERVICE)  By messenger service.  I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed and providing them to a professional messenger service for service. *(A declaration by the messenger must accompany this Proof of Service or be contained in the Declaration of Messenger below.)*

☐ (PERSONAL SERVICE). By personal service. I personally delivered the documents to the persons at the addresses listed. [1] For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents, in an envelope or package clearly labeled to identify the attorney being served, with a receptionist or an individual in charge of the office, *between the hours of nine (9) in the morning and five (5) in the evening.* [2] For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not younger than 18 years of age between the hours of eight (8) in the morning and six (6) in the evening.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on June 3, 2014, at San Francisco, California.

____Laura Weaver____  _____(Signature)_____
(Type or print name)