United States District Court
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| PATRICK GARRETT, JEFF MAINS, and LINDA EUSTICE, individually and on behalf of herself of all others similarly situated,<br><br>              Plaintiff,<br>    v.<br><br>BUMBLE BEE FOODS, LLC,<br><br>              Defendant. | Case No.: 5:12-CV-02546-LHK<br><br>ORDER GRANTING MOTION TO REMAND AND DENYING MOTION TO DISMISS |

Before the Court is the Motion to Remand filed by Plaintiffs Patrick Garrett, Jeff Mains, and Linda Eustice ("Plaintiffs"), ECF No. 18 ("Mot."), and the Motion to Dismiss, or, Alternatively, Motion to Stay filed by Defendant Bumble Bee Foods, LLC ("Bumble Bee"), ECF No. 14. The Court finds these motions suitable for decision without oral argument pursuant to Civil Local Rule 7-1(b) and hereby VACATES the motion hearing and the Case Management Conference set for October 30, 2014, at 1:30 p.m. Having considered the submissions of the parties, the relevant law, and the record in this case, the Court GRANTS Plaintiffs' Motion to Remand and DENIES as moot Bumble Bee's Motion to Dismiss, or, Alternatively, Motion to Stay.

I.      BACKGROUND

    A.      Factual Background

1

Bumble Bee, a Delaware corporation with principal place of business in San Diego, California, is "a leading producer of retail seafood products" that sells "to consumers through grocery and other retail stores throughout the United States and California." Ex. A to ECF No. 1, Class Action Complaint ("Compl.") ¶ 19. Plaintiffs are California consumers who "care about the nutritional content of food and seek to maintain a healthy diet." *Id.* ¶¶ 16-18, 76. They claim to have purchased at least $25 worth of Bumble Bee's allegedly misbranded food products during the past six years. *Id.* ¶¶ 16-18.

The challenged Bumble Bee products have labels indicating that they are an "Excellent Source of Omega 3" and endorsed by the American Heart Association. Compl. ¶¶ 22, 41. These labeling claims, Plaintiffs allege, constitute unlawful, false, and misleading statements about Bumble Bee products. *Id.* ¶¶ 6-13. The standards for evaluating Bumble Bee's labeling claims are set forth in regulations promulgated under the federal Food, Drug, and Cosmetic Act ("FDCA"), 21 U.S.C. § 301 *et seq.*, which California law has adopted in toto. *Id.* ¶¶ 6, 10-11; *see Bruton v. Gerber Prods. Co.*, 961 F. Supp. 2d 1062, 1080 (N.D. Cal. 2013) ("Through the Sherman Law, California has expressly adopted the federal labeling requirements as its own."). Plaintiffs therefore contend that Bumble Bee's products are "misbranded" under California law. Compl. ¶ 12.

In particular, Plaintiffs allege the following causes of action, all of which arise under California law: (1) violation of the Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 *et seq.*, for unlawful, unfair, and fraudulent business acts and practices (first, second, and third counts); (2) violation of the Fair Advertising Law ("FAL"), Cal. Bus. & Prof. Code § 17500 *et seq.*, for misleading, deceptive, and untrue advertising (fourth and fifth counts); (3) violation of the Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1750 *et seq.* (sixth count); (4) breach of the implied warranty of merchantability (seventh count); (5) negligent misrepresentation (eighth count); (6) negligence (ninth count); (7) unjust enrichment (tenth count); (8) recovery in assumpsit of funds paid for misbranded products (eleventh count); and declaratory relief (twelfth count). Compl. ¶¶ 98-197.

United States District Court
For the Northern District of California

**B.      Previous Litigation:** *Ogden v. Bumble Bee Foods*, **No. 12-CV-01828-LHK**

On April 12, 2012, Plaintiffs' counsel, on behalf of Tricia Ogden ("Ogden") and a putative

class of nationwide consumers, filed a class action lawsuit against Bumble Bee in the United States

District Court for the Northern District of California.  ECF No. 1, Ex. 2 to Decl. of Robert B. Bader

("Ogden MSJ Order") at 9.  Before this very Court, Ogden asserted similar UCL, FAL, and CLRA

claims to those that Plaintiffs now bring.  *See id.* at 8-9.  In addition, Ogden alleged violations of

the Song-Beverly Consumer Warranty Act, Cal. Civ. Code § 1790 *et seq.*, and the Magnuson-Moss

Warranty Act, 15 U.S.C. § 2301 *et seq.*, Ogden's sole federal claim.  Ogden MSJ Order at 9.

Ogden moved for class certification on May 9, 2013, and Bumble Bee moved for summary

judgment on August 29, 2013.  *Id.*

On January 2, 2014, the Court granted in part and denied in part Bumble Bee's Motion for

Summary Judgment.  Ogden MSJ Order at 33-34.  As relevant here, the Court granted summary

judgment as to Ogden's claims for damages, concluding that Ogden had failed to provide sufficient

evidence showing that she was entitled to restitution under the UCL, FAL, and CLRA, or

disgorgement under the UCL and FAL.  *Id.* at 26-29.  The Court did find, however, that Ogden was

entitled to pursue injunctive relief.  *Id.* at 29-30.  Furthermore, the Court granted summary

judgment on Ogden's sole federal claim, holding that it "fail[ed] as a matter of law."  *Id.* at 30-31.

With no remaining federal claim to support subject matter jurisdiction, the Court noted that "it

retain[ed] jurisdiction under . . . the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2)."  *Id.* at 31

n.18.

Ogden subsequently withdrew her Motion for Class Certification, and both parties

stipulated to a voluntary dismissal with prejudice.  ECF No. 26 ("Opp'n") at 2.  On March 10,

2014, the Court entered judgment in favor of Bumble Bee.  Compl. at 2 n.1.

**C.      Current Litigation:** *Garrett v. Bumble Bee Foods*, **No. 14-CV-02546-LHK**

On April 25, 2014, six weeks after the *Ogden* litigation had ended, Plaintiffs' counsel filed

the instant class action lawsuit in Santa Clara County Superior Court.  Compl. at 1.  This time, the

3

1    putative class was limited to California consumers only.  *Id.* at 2.  Bumble Bee filed a notice

2    seeking to remove the case to federal court on June 3, 2014.  ECF No. 1.

3            Bumble Bee filed a Motion to Dismiss, or, Alternatively, Motion to Stay on June 10, 2014.

4    ECF No. 14.  Plaintiffs opposed that motion on August 1, 2014, ECF No. 24, and Bumble Bee

5    replied on September 5, 2014, ECF No. 29.

6            On June 20, 2014, Plaintiffs filed a Motion to Remand.  Mot. at 10.  Bumble Bee opposed

7    the Motion to Remand on August 8, 2014.  Opp'n at 8.  Plaintiffs replied on September 5, 2014.

8    ECF No. 28 ("Reply") at 6.

9            In light of the similarities between this case and *Ogden*, the Court granted Bumble Bee's

10   Motion to Relate on July 9, 2014, and assumed authority over the litigation.  ECF No. 21.

11   **II.      LEGAL STANDARD**

12           A suit may be removed from state court to federal court only if the federal court would have

13   had subject matter jurisdiction over the case.  28 U.S.C. § 1441(a); *see Caterpillar Inc. v. Williams*,

14   482 U.S. 386, 392 (1987) ("Only state-court actions that originally could have been filed in federal

15   court may be removed to federal court by the defendant.").  If it appears at any time before final

16   judgment that the federal court lacks subject matter jurisdiction, the federal court must remand the

17   action to state court.  28 U.S.C. § 1447(c).

18           The party seeking removal bears the burden of establishing federal jurisdiction.  *Provincial*

19   *Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009).  "The removal

20   statute is strictly construed, and any doubt about the right of removal requires resolution in favor of

21   remand."  *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) (citing

22   *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)).

23   **III.     DISCUSSION**

24           Plaintiffs argue in their Motion to Remand that removal was improper because the Court

25   lacks subject matter jurisdiction over their lawsuit.  Mot. at 5-9.  According to Plaintiffs, they have

26   "pleaded no claims under federal law, and Plaintiffs' proposed class consists of California residents

27   only."  *Id.* at 3.  Plaintiffs also argue that they are entitled to attorney's fees or costs under 28

28

*United States District Court*
For the Northern District of California

4

Case No.: 12-CV-02546-LHK
ORDER GRANTING MOTION TO REMAND AND DENYING MOTION TO DISMISS

1   U.S.C. § 1447(c) because Bumble Bee's attempt at removal was objectively unreasonable.  *Id.* at 9-

2   10.  For the reasons stated below, the Court GRANTS Plaintiffs' motion and orders the case

3   remanded to Santa Clara County Superior Court.

### A.   Federal Question Jurisdiction

4   "Absent diversity of citizenship,[1] federal-question jurisdiction is required."  *Caterpillar*,

5   482 U.S. at 392.  Under 28 U.S.C. § 1331, federal courts have original jurisdiction over civil

6   actions "arising under the Constitution, laws, or treaties of the United States."  Federal question

7   jurisdiction "is determined (and must exist) as of the time the complaint is filed and removal is

8   effected."  *Strotek Corp. v. Air Transp. Ass'n of Am.*, 300 F.3d 1129, 1131 (9th Cir. 2002).

9   Removal pursuant to section 1331 is governed by the "well-pleaded complaint rule," which

10  provides that federal question jurisdiction exists only when "a federal question is presented on the

11  face of plaintiff's properly pleaded complaint."  *Caterpillar*, 482 U.S. at 392.

12  "[I]n certain cases," the Supreme Court has explained, "federal-question jurisdiction will lie

13  over state-law claims that implicate significant federal issues."  *Grable & Sons Metal Prods., Inc.*

14  *v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005).  Under *Grable*, a federal court may exercise

15  jurisdiction over a state-law claim only if (1) the action necessarily raises a federal issue that is

16  (2) disputed and (3) substantial, and if (4) the court may entertain the case without disturbing the

17  congressionally approved balance of federal and state judicial responsibilities.  *Id.* at 314.  The

18  party seeking to establish jurisdiction must justify a need for "the experience, solicitude, and hope

19  of uniformity that a federal forum offers on federal issues."  *Id.* at 312.

---

[1] Neither party disputes the lack of diversity in this case.  As Plaintiffs are California residents and Bumble Bee's principal place of business is in San Diego, *see* Compl. ¶¶ 16-19, both parties are California citizens for purposes of diversity jurisdiction, *see* 28 U.S.C. § 1332(a), (c). The Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), also provides no basis for jurisdiction.  Here, unlike in *Ogden*, the putative class is limited to California consumers only. Compl. at 2.  Because no member of the putative class is diverse from Bumble Bee, the sole defendant, CAFA cannot confer subject matter jurisdiction.  *See* 28 U.S.C. § 1332(d)(2)(A) (providing subject matter jurisdiction where "any member of a class of plaintiffs is a citizen of a State different from any defendant").

Case No.: 12-CV-02546-LHK
ORDER GRANTING MOTION TO REMAND AND DENYING MOTION TO DISMISS

**United States District Court**
For the Northern District of California

1    In this case, Bumble Bee has satisfied *Grable*'s first two prongs.  Plaintiffs do not contend

2    otherwise.  Plaintiffs acknowledge that California law has "adopted *in toto* federal labeling rules

3    and regulations."  Mot. at 6 n.1.  Moreover, Plaintiffs' complaint alleges violations of California

4    law on the basis that Bumble Bee's products fail to satisfy the FDCA and regulations promulgated

5    thereunder.  Compl. ¶¶ 10-11 (discussing "FDCA section 403(a)"); *id.* ¶¶ 23, 26-28, 32-35

6    (discussing "21 C.F.R. § 101.54" and "21 C.F.R. § 101.13").  Because the federal food labeling

7    standards set forth under the FDCA provide the basis for evaluating Plaintiffs' state law claims,

8    this lawsuit "necessarily raise[s]" issues of federal law.  *Grable*, 545 U.S. at 314.  These federal

9    issues are plainly "disputed."  *Id.*; *see* Compl. ¶¶ 192, 194 (seeking relief declaring Bumble Bee's

10   products mislabeled and misbranded under both federal and state law).

11   Bumble Bee, however, has failed to show that the federal issue in this case is sufficiently

12   "substantial" to warrant the exercise of federal jurisdiction.  The Supreme Court's decision in

13   *Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804 (1986), largely settles the issue.  In

14   *Merrell Dow*, as here, the plaintiffs asserted state law claims based on the defendant's alleged

15   misbranding of a product, in violation of the FDCA.  *Id.* at 805.  Specifically, Plaintiffs there

16   argued that the drug Bendectin, which had allegedly caused birth defects, was "misbranded" in

17   contravention of the FDCA.  *Id.*  That misbranding, plaintiffs alleged, created "a rebuttable

18   presumption of negligence" for purposes of state law.  *Id.* at 806.

19   On these facts, the Supreme Court found no federal question jurisdiction.  After

20   determining that the FDCA provided "no federal private cause of action," *Merrell Dow*, 478 U.S.

21   at 811-12, the Court held that "the congressional determination that there should be no federal

22   remedy for the violation of this federal statute is tantamount to a congressional conclusion that the

23   presence of a claimed violation of the statute as an element of a state cause of action is

24   insufficiently 'substantial' to confer federal-question jurisdiction," *id.* at 814.  This holding, the

25   *Grable* Court later clarified, does not "make a federal right of action mandatory" for the exercise of

26   federal question jurisdiction.  *Grable*, 545 U.S. at 317.  Rather, "the absence of a federal private

27

28

6

right of action . . . [is] relevant to, but not dispositive of, the sensitive judgments about congressional intent that § 1331 requires." *Id.* at 318 (internal quotation marks omitted).

Notwithstanding *Grable*'s clarification, Bumble Bee offers no reason why the issue of FDCA misbranding is more "substantial" here than it was in *Merrell Dow*. Indeed, the only distinction Bumble Bee can muster is that the claims in *Merrell Dow*, unlike here, "truly sound in tort." Opp'n at 6 n.5. But as Plaintiffs correctly observe, *see* Reply at 1, the *Merrell Dow* Court never suggested that its ruling hinged on whether the federal issues sounded in tort or concerned physical harm. Instead, the Supreme Court's ruling turned on its assessment that Congress had determined "there should be no federal remedy for the violation of [the FDCA]." *Merrell Dow*, 478 U.S. at 814. Allowing jurisdiction would therefore "flout, or at least undermine, congressional intent." *Id.* at 812. As the *Grable* Court explained: "Expressing concern over the 'increased volume of federal litigation,' and noting the importance of adhering to 'legislative intent,' *Merrell Dow* thought it improbable that the Congress, having made no provision for a federal cause of action, would have meant to welcome any state-law tort case implicating federal law 'solely because the violation of the federal statute is said to [create] a rebuttable presumption [of negligence] . . . under state law." *Grable*, 545 U.S. at 319 (alterations in original) (quoting *Merrell Dow*, 478 U.S. at 811-12). Whether Plaintiffs' claims "truly sound in tort" is of no moment.

In finding no federal question jurisdiction, the Court notes its agreement with Judge Hamilton in a similar case, *People v. Monster Beverage Corp.*, No. C 13-2500 PJH, 2013 WL 5273000 (N.D. Cal. Sept. 18, 2013). There, the People of the State of California (the "People"), acting through the San Francisco City Attorney, brought suit in state court against Monster Beverage Corporation ("Monster"). The People in that case argued that Monster's energy drinks were mislabeled and misbranded in part because their level of caffeine was not "generally recognized as safe" under federal standards promulgated by the Food and Drug Administration. Relying on *Merrell Dow*, Judge Hamilton granted the People's motion to remand the case to state court. *Id.* at *1. Monster, the court held, "provided no reason why the federal issue in this case is more substantial than that in *Merrell Dow*." *Id.* In addition, the court in *Monster* found that

Case No.: 12-CV-02546-LHK
ORDER GRANTING MOTION TO REMAND AND DENYING MOTION TO DISMISS

1    "exercising federal jurisdiction over this case would allow parties to end-run around the FDCA's

2    lack of a private right of action." *Id.* Judge Hamilton concluded that keeping such cases in federal

3    court "would disturb the congressionally approved balance of federal and state judicial

4    responsibilities, and would thus run afoul of the [Supreme] Court's holding in *Grable*." *Id.*

5         The same is true here. Not only are the federal issues insufficiently substantial under

6    *Merrell Dow*, but exercising jurisdiction over this California class action would circumvent the

7    FDCA's lack of a private cause of action. Although the Court recognizes that it has already

8    evaluated some of the substantive state law issues involved in this case, *see* Ogden MSJ Order,[2] the

9    Court did so only because it had jurisdiction under CAFA, *see supra* note 2. With no federal

10   statutory hook to maintain jurisdiction here, the Court finds that the "congressionally approved

11   balance of federal and state judicial responsibilities" tips in favor of remanding. *Grable*, 545 U.S.

12   at 314. As a result, the Court GRANTS Plaintiffs' Motion to Remand.[3]

13        **B.      Attorney's Fees or Costs**

14        Under 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just

15   costs and any actual expenses, including attorney fees, incurred as a result of the removal." The

16   Supreme Court has explained that "courts may award attorney's fees under § 1447(c) only where

17   the removing party lacked an objectively reasonable basis for seeking removal." *Martin v.*

18   *Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). "Conversely," the Court continued, "when an

19   objectively reasonable basis exists, fees should be denied." *Id.*

20

21   _____

22   [2] Upon remand to Santa Clara County Superior Court, Bumble Bee may well argue that the
     Court's January 2, 2014, summary judgment order in *Ogden* warrants some preclusive effect in the
     instant litigation. The Court defers to the state court in making that determination.

23   [3] The Court need not address Bumble Bee's argument concerning supplemental jurisdiction
24   under 28 U.S.C. § 1367. As Bumble Bee acknowledges, section 1367 cannot provide independent
     grounds for removal jurisdiction. Opp'n at 3 n.3; *see also Sato v. Wachovia Mortgage*, No. FSB,
25   5:11-CV-00810 EJD, 2011 WL 2784567, at *12 (N.D. Cal. July 13, 2011) ("The supplemental-
     jurisdiction statute is not a source of original subject-matter jurisdiction, and a removal petition
26   therefore may not base subject-matter jurisdiction on the supplemental jurisdiction statute . . . ."
     (internal quotation marks omitted)).

27

28
     Case No.: 12-CV-02546-LHK
     ORDER GRANTING MOTION TO REMAND AND DENYING MOTION TO DISMISS

1    The Court finds that, in light of *Grable*'s clarification of *Merrell Dow*, Bumble Bee had an
2    objectively reasonable basis for seeking removal. *See Monster*, 2013 WL 5273000, at *2 (denying
3    plaintiff attorney's fees or costs because "defendant had an objectively reasonable basis for seeking
4    removal (at least with respect to *Grable*)"). Accordingly, the Court DENIES Plaintiffs' request for
5    attorney's fees or costs.

6    **IV.    CONCLUSION**

7    For the foregoing reasons, the Court GRANTS Plaintiffs' Motion to Remand the case to
8    Santa Clara County Superior Court and DENIES as moot Bumble Bee's Motion to Dismiss, or,
9    Alternatively, Motion to Stay. The Court also DENIES Plaintiffs' request for attorney's fees or
10   costs.

11   **IT IS SO ORDERED.**

13   Dated: October 16, 2014

14   LUCY H. KOH
     United States District Judge

Case No.: 12-CV-02546-LHK
ORDER GRANTING MOTION TO REMAND AND DENYING MOTION TO DISMISS